**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.

DAVID MICHAEL COPEL,

 Plaintiff,

v.

FOUNDATION SOFLO, LLC,
CHRISTIAN GOYZUETA, and
JAMES TELESCO,

 Defendants.
_____/

**COMPLAINT**
*{Jury Trial Demanded}*

 Plaintiff DAVID MICHAEL COPEL ("Copel") brings this action against Defendants FOUNDATION SOFLO, LLC ("Foundation"), CHRISTIAN GOYZUETA ("Goyzueta"), and JAMES TELESCO ("Telesco") and alleges as follows:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-219 ("FLSA"). Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. At all times material hereto, Plaintiff was a resident of Florida and an "employee" of Defendants as defined by the FLSA.

3. At all times material hereto, Foundation was a Florida corporation that regularly transacted business in Broward County, Florida.

4. At all times material hereto, Copel engaged in interstate communication on a regular and recurring basis, including but not limited to communication via telephone, text messages, and email with Defendants Goyzueta and Telesco, vendors, and contractors located outside Florida on a daily basis.

1

5. Copel engaged in interstate commerce on a regular and recurring basis and is individually covered by the FLSA.

6. Goyzueta is an FLSA employer as defined in 29 U.S.C. § 203(d), is an owner and/or manager of Foundation, ran the day-to-day operations, and had operational control over Foundation, and was directly involved in decisions affecting duties, employee compensation, and hours worked by employees, such as Plaintiff.

7. Telesco is an FLSA employer as defined in 29 U.S.C. § 203(d), is an owner and/or manager of Foundation, ran the day-to-day operations, and had operational control over Foundation, and was directly involved in decisions affecting duties, employee compensation, and hours worked by employees, such as Plaintiff.

8. Foundation operates a business engaged in retail sales of health foods and supplements.

9. Copel worked for Defendants in the job title of "General Manager."

10. Defendants failed to pay Copel's full and proper minimum wages.

11. Defendants failed to pay Copel's full and proper overtime wages.

12. Defendants knowingly and willfully refused to pay Plaintiff's legally-entitled wages.

13. Attached as **Exhibit A** is a preliminary calculation of Copel's claims, including date ranges, hours worked, rates of pay, and unpaid wages; these amounts may change as Plaintiff engages in the discovery process.

14. Plaintiff retained the services of the undersigned and is obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## AGAINST ALL DEFENDANTS

15. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-14 above as if set forth herein in full.

16. Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), Plaintiff is entitled to (i) unpaid minimum wages, (ii) time-and-a-half overtime pay, and (iii) liquidated damages.

17. Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
800 East Cypress Creek Road Suite 421
Fort Lauderdale, Florida 33334
Tel:   (786) 924-9929
Fax:   (786) 358-6071
Email: ekoz@kozlawfirm.com

_____
Elliot Kozolchyk, Esq.
Florida Bar No. 74791